**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DONNA LAIRD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1010-EWD** |
| **CLICK HERE PUBLISHING d/b/a CLICK HERE DIGITAL** | **CONSENT** |

**RULING AND ORDER**

Before the Court is the Defendant's Rule 12(b)(6) Motion for Partial Dismissal ("Motion"), filed by Click Here Publishing d/b/a Click Here Digital ("Defendant"),[1] which is opposed by Donna Laird ("Plaintiff").[2] Oral argument is not necessary. Having considered the parties' arguments and the applicable law, the Motion for Partial Dismissal will be granted[3] because Plaintiff's state law claims are untimely and/or fail to state a claim.

## I. BACKGROUND

For purposes of the Motion, the facts in Plaintiff's Petition for Damages[4] are taken as true. Plaintiff alleges that Defendant used the Indeed.com platform to advertise a job opening and "enabled or allowed an Indeed-recommended online 'assessment' or skills test to be attached to its job application."[5] Plaintiff claims that Indeed told her the assessment was "required."[6] Plaintiff requested a reasonable accommodation for the assessment because of her disability through Indeed

---

[1] R. Doc. 9. Defendant has also filed a Reply Memorandum in Support of the Motion. R. Doc. 11.

[2] R. Doc. 10.

[3] This matter was assigned to the undersigned for all purposes, including trial, final entry of judgment, and direct review by the United States Fifth Circuit Court of Appeals, pursuant to General Order 2024-02 and Fed. R. Civ. P. 73. After notice, no party declined consent. Therefore, this Ruling and Order is issued under 28 U.S.C. § 636(c). R. Docs. 3, 4, 8.

[4] R. Doc. 1-2.

[5] *Id.*, ¶ 6.

[6] *Id.*, ¶ 7.

and directly from Defendant.[7] Plaintiff alleges Defendant did not accommodate her or consider her application.[8] Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue over five years later on August 26, 2025.[9]

Plaintiff filed her Petition in Louisiana state court, on September 16, 2025, asserting claims under the Americans with Disabilities Act ("ADA"), the Louisiana Employment Discrimination Law ("LEDL"), and the Louisiana Unfair Trade Practices Act ("LUTPA"), as well as for negligence, and negligent misrepresentation.[10] On October 31, 2025, Defendant removed the case to this Court based on federal question jurisdiction.[11] Defendant then filed the Motion, arguing that Plaintiff's state law claims are untimely and lack merit on their face.[12]

## II. LAW AND ANALYSIS

### A. Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint against the legal standard set forth in Fed. R. Civ. P. 8, which requires, "a short and plain statement of the claim showing that the pleader is entitled to relief."[13] In order to survive a Rule 12(b)(6) motion to dismiss, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief.[14] "Determining whether a complaint states a plausible claim for relief [is]

---

[7] *Id.*

[8] *Id.*, ¶ 8.

[9] R. Doc. 1-2, ¶ 4. Plaintiff's EEOC charge is attached to the Motion. R. Doc. 9-1.

[10] R. Doc. 1-2, pp. 4-6.

[11] R. Doc. 1, ¶ 4.

[12] R. Doc. 9. Defendant does not seek dismissal of Plaintiff's federal ADA claims. These claims form the basis for this Court's exercise of subject matter jurisdiction in this case under 28 U.S.C. § 1331.

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15] In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion.[16] If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.[17]

"A Rule 12(b)(6) motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense."[18] "Rule 12(b)(6) dismissal under a statute of limitation is proper only when the complaint makes plain that the claim is time-barred and raises no basis for tolling."[19] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[20]

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted).

[16] *Iqbal*, 556 U.S. at 678.

[17] *Twombly*, 550 U.S. at 555.

[18] *Dugas v. City of Ville Platte*, No. 17-337, 2017 WL 6521660, at *4 (W.D. La. Nov. 11, 2017), quoting *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977) (internal quotation marks omitted). *See also Jones v. Alcoa, Inc.*, 339 F.3d 359, 367-368 (5th Cir. 2003).

[19] *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023), citing *Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 253 (5th Cir. 2021) (citing *Alcoa, Inc.*, 339 F.3d at 366).

[20] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011) (citations omitted); *See also J&J Sports Prods., Inc. v. Tienda y Taqueiria "La Frontera," LLC*, No. 16-568, 2017 WL 3166734, at *3 (M.D. La. July 25, 2017) (citation omitted).

### B. Plaintiff's LEDL Claims Will Be Dismissed As Prescribed

Defendant moves to dismiss Plaintiff's claims arising under the LEDL, La. R.S. 23:301, *et seq.*, arguing that they are prescribed.[21] Plaintiff contends that her claims are timely and that *contra non valentem* suspended the running of prescription until the EEOC issued its right-to-sue letter.[22]

A one-year prescriptive period applies to employment discrimination claims under Louisiana law.[23] The same statutory provision states that "this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Opportunity Commission or the Louisiana Commission on Human Rights."[24] However, that statutory provision concludes that "[n]o suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months."[25] The six month limit applies even if the EEOC review took longer.[26] "Consequently, the Louisiana disability discrimination statute requires a plaintiff to file suit on his discrimination claim no later than

[21] R. Doc. 9-2, p. 3.

[22] R. Doc. 10, p. 3.

[23] La. R.S. 23:303(D).

[24] *Id.*

[25] *Id*. *See also Ikossi–Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009) (noting that, before July 1999, the prescriptive period for employment discrimination claims under the LEDL was suspended during state or federal administrative investigations for up to eighteen (18) months, but the Louisiana legislature shortened the maximum length of that suspension period to six months in July 1999).

[26] *See O'Neal v. Cargill, Inc.,* 178 F.Supp.3d 408, 421 (E.D. La. 2016) ("[The plaintiff] filed his EEOC charge on July 21, 2014. The EEOC dismissed his charge almost 17 months later on January 19, 2016…Prescription was suspended while [the plaintiff's] EEOC charge was pending, **but only for six of the 17 months that it was actually pending.** He had a maximum of 18 months from April 28, 2014 [the date of his alleged unlawful termination], or until October 28, 2015, to file his lawsuit. *Senegal [v. Suddenlink Commc'ns,* No. 2:14-CV-3447], 2016 WL 595482, at *4 [(W.D. La. Feb. 11, 2016)]; *Minnis [v. Bd. of Supervisors],* 55 F.Supp.3d [864] at 874 [(M.D. La. 2014)]; *Bellow [v. Bd. of Supervisors],* 913 F.Supp.2d [279] at 289 [(E.D. La. 2012)]. [The plaintiff] did not file suit until December 31, 2015, two months after his claims had prescribed. [The defendant's] motion to dismiss is well founded because plaintiff's state law claims are time-barred.") (emphasis added).

eighteen months after the occurrence forming the basis for the claim."[27] In limited situations, the Louisiana doctrine of *contra non valentem* may apply to suspend the prescriptive period.[28]

According to Plaintiff's Charge of Discrimination, which is attached to the Motion, referenced in the Petition, and central to Plaintiff's claims, Plaintiff applied for the job with Defendant through Indeed.com on or about January 21, 2020. According to correspondence attached to the Charge of Discrimination, Plaintiff is hard of hearing and is unable to hear the audio components of online assessments that require her to listen to audio and answer questions. Therefore, Plaintiff requested accommodation to complete the assessment but did not receive a response. Plaintiff claims that, "[a]s a result, she was denied the opportunity to obtain employment" with Defendant.[29]

While Plaintiff applied for the job with Defendant through Indeed.com on or about January 21, 2020, it is not clear when her cause of action accrued, since it is unknown when she requested the accommodation. At the latest, her LEDL claims accrued by the time Plaintiff is considered to have filed her Charge of Discrimination with the EEOC on or about July 10, 2020.[30] Thus, Plaintiff

---

[27] *Lefort v. Lafourche Par. Fire Prot. Dist. No. 3*, 39 F.Supp.3d 820, 825 (E.D. La. 2014) (citation omitted).

[28] *Marlbrough v. Cornerstone Chem. Co.*, No. 2023-22, 2024 WL 1116177, at *4–5 (E.D. La. Mar. 14, 2024), citing *Wimberly v. Gatch*, 635 So.2d 206, 211 (La. 1994) ("The Louisiana Supreme Court has identified four circumstances where the doctrine [of *contra non valentem*] can suspend prescription: 1. Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; 2. Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; 3. Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and 4. Where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.").

[29] R. Doc. 9-1, pp. 2-3.

[30] Defendant alleges that "Plaintiff filed her charge on July 8, 2020," citing the Petition, but the Petition does not state the date Plaintiff filed her Charge of Discrimination. R. Doc. 9-2, p. 2, citing R. Doc. 1-2, ¶ 4 (which just says, "Petitioner filed an EEOC charge against Click Here Digital."). Plaintiff's opposition memorandum says she "filed" the charge on July 8, 2020 (R. Doc. 10, p. 2), and Plaintiff's Charge of Discrimination, attached to the Motion, is dated July 8, 2020. However, the letter from Plaintiff's attorneys forwarding the charge to the EEOC is dated July 10, 2020. R. Doc. 9-1, pp. 1, 2. Viewing the facts most favorably to Plaintiff, the Court will use the later date of July 10, 2020 as the date the charge is considered filed for the purpose of this Ruling and Order, since the letter contains most of the facts regarding the claims.

had no more than eighteen months from that date, or until January 10, 2022, to file suit. However, Plaintiff did not file suit until September 12, 2025, rendering her LEDL claims untimely.[31]

Plaintiff's reliance on *Briggs v. Florida Parishes Juvenile Justice Comm.*[32] is misplaced. In *Briggs*, the Louisiana First Circuit Court of Appeals upheld dismissal of the plaintiff's claims as prescribed. There, the plaintiff's employment was terminated on August 19, 2014.[33] She filed a charge of discrimination on June 7, 2015, and received her notice of right to sue on August 19, 2015.[34] The plaintiff did not file suit until December 8, 2015.[35] The *Briggs* court rejected the plaintiff's argument that she had a full eighteen months, or until February 19, 2016, from the date her claim accrued to file suit, finding instead that when the EEOC investigation concluded on August 19, 2015, the plaintiff only had 73 days left in the one-year prescriptive period to file suit, such that her claims were untimely. Plaintiff misses the point that, in *Briggs*, unlike in this case, the notice of right to sue was issued less than six months after the plaintiff's charge of discrimination was filed. In other words, that case has nothing to do with a situation like this one where the EEOC investigation takes longer than the six-month limit allowed for suspension under La. R.S. 23:303(D).

Plaintiff's argument that the pending EEOC investigation and its delay in sending her a right to sue letter should give rise to equitable tolling is without merit because "[t]he Fifth Circuit

---

[31] R. Doc. 1-2, p. 1.

[32] R. Doc. 10, pp. 2-3, citing *Briggs*, 2017-1189 (La.App. 1 Cir. 3/12/18), 244 So.3d 438.

[33] *Briggs*, 244 So.3d at 438.

[34] *Id.,* 244 So.3d at 440.

[35] *Id.*

has made clear that the filing of an EEOC charge does not toll, interrupt, or suspend prescription with regard to a plaintiff's state law claims."[36]

Finally, the doctrine of *contra non valentem* also does not apply. While Plaintiff seeks the benefit of *contra non valentem* because she claims not to have known the full extent of Defendant's involvement in the allegedly inaccessible assessment until her charge was investigated,[37] that argument is belied by the Charge of Discrimination. Although the correspondence from Plaintiff's attorneys to the EEOC attached to the Charge of Discrimination says Plaintiff received the email from Indeed.com to do the online assessment as part of the job application process, and that Plaintiff requested accommodations to complete the assessment, her Charge of Discrimination was not brought against any entity other than Defendant. This means, at the time Plaintiff filed the Charge of Discrimination, Plaintiff felt she had enough information to believe Defendant was responsible for requiring the assessment as part of the application process and for failing to accommodate her disability in completing the assessment, which led to Defendant not considering her job application.[38] Within six (6) months of the alleged discriminatory act by Defendant, Plaintiff had drafted her EEOC charge, detailing Defendant's conduct. Plaintiff has not shown that she was precluded from also timely filing her lawsuit, such that she is unable to meet her burden to establish *contra non valentem*.[39] Plaintiff's LEDL claims will be dismissed with prejudice as prescribed.

---

[36] *Lefort*, 39 F.Supp.3d at 826 (citations omitted); *see also Taylor v. Bunge Corp.,* 775 F.2d 617 (5th Cir. 1985) (filing and processing charges with EEOC under Title VII does not toll the running of state prescriptive period).

[37] R. Doc. 10, p. 3.

[38] As Defendant notes in its Reply Memorandum, counsel was involved in the drafting of Plaintiff's Charge of Discrimination, which further contradicts her argument that she was precluded from timely filing suit. *See* R. Doc. 11, p. 3.

[39] *See In re Taxotere (Docetaxel) Products Liab. Lit.*, 995 F.3d 384, 388-89 (5th Cir. 2021) ("The burden of proof is normally on the party pleading prescription; however, if on the face of the petition it appears that prescription has run,

### C. Plaintiff's LUTPA Claim Will Be Dismissed

Defendant also moves to dismiss Plaintiff's claims arising under the LUTPA, La R.S. 51:1401, *et seq.*, arguing that they are untimely and not properly pleaded.[40] Plaintiff argues that her claims are plausible and timely due to the continuing tort doctrine.[41]

The LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[42] "To recover, the plaintiff must 'prove some element of fraud, misrepresentation, deception or other unethical conduct.'"[43] "What constitutes an unfair trade practice is determined by the courts on a case-by-case basis."[44] But a court should find a practice unfair under the statute "only when" the practice "offends established public policy and is immoral, unethical, oppressive or unscrupulous."[45]

There is a one-year prescriptive period for a party to bring an action under the LUTPA.[46] "Under Louisiana law, 'if prescription is evident on the face of the pleadings ... the burden shifts to the plaintiff to establish that the applicable prescriptive period has been suspended or interrupted.'"[47] "Under Louisiana law, '[w]hen tortious conduct and resulting damages are of a

… the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period based on the equitable doctrine of *contra non valentem*." (internal quotations and citation omitted)).

[40] R. Doc. 9-2, p. 3.

[41] R. Doc. 10, pp. 5-8.

[42] La. R.S. 51:1405(A).

[43] *IberiaBank v. Broussard*, 907 F.3d 826, 839 (5th Cir. 2018) (citations omitted).

[44] *Id*. (citation omitted).

[45] *Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, 292 F.3d 471, 480 (5th Cir. 2002) (citation omitted); *see also Cheramie Servs., Inc. v. Shell Deepwater Prod.*, Inc., 2009-1633 (La. 4/23/10); 35 So.3d 1053, 1060 ("[T]he range of prohibited practices under LUTPA is extremely narrow" and includes "only egregious actions involving elements of fraud, misrepresentation, deception, or other unethical conduct[.]").

[46] *See* La. R.S. 51:1409(E) (private right of action under the LUTPA "shall be subject to a liberative prescription of one year running from the time of the transaction or act which gave rise to this right of action").

[47] *Caldwell Wholesale Co., L.L.C. v. R J Reynolds Tobacco Co.*, 781 Fed.Appx. 289, 293 (5th Cir. 2019) (citation omitted).

continuing nature, prescription does not begin until the conduct causing the damages is abated.' For the continuous tort doctrine to apply, 'the operating cause of the injury [must] be a continuous one which results in continuous damages.' It does not apply if 'the complained of actions by the defendant were simply the continued ill effects that arose from a single tortious act.'"[48]

Plaintiff argues that her LUPTA claim is plausible because Defendant engaged in deceptive practices by using inaccessible assessments to screen out disabled applicants. According to Plaintiff, Defendant "excluded people with disabilities from the job market, thereby giving the company an unfair advantage over competitors who comply with disability laws."[49]

The Louisiana Supreme Court has stated that "[t]he range of prohibited practices under LUTPA is extremely narrow" such that "only egregious actions involving elements of fraud, misrepresentation, deception or other unethical conduct will be sanctioned based on LUTPA."[50] "The 'defendant's motivation' is a critical factor—his 'actions must have been taken with the specific purpose of harming the competition.'"[51]

It is true that, when applying the LUTPA, Louisiana "courts are concerned not only with the interests of competing employers, but also with the employee's interests[.]"[52] However, the interest of employees that the LUTPA seeks to protect is their ability to "exercise their right to change employment, even if they decide to work for a competitor of their former employer."[53]

---

[48] *Williams v. Otis Elevator Co.*, 557 Fed.Appx. 299, 301-302 (5th Cir. 2014) (citations omitted).

[49] R. Doc. 10, p. 8.

[50] *Oliver v. Roehm Am., LLC*, 2021-1831, 2022 WL 11763644, at *23 (E.D. La. Oct. 20, 2022), citing *Cheramie Servs., Inc.,* 35 So.3d at 1060.

[51] *IberiaBank*, 907 F.3d at 839-40, quoting *Monroe v. McDaniel*, 2016-214 (La.App. 5 Cir. 12/7/16); 207 So.3d 1172, 1180.

[52] *Cheramie Servs.*, 35 So.3d at 1060.

[53] *Id.*

Here, Plaintiff's claim originates from alleged disability discrimination in which Defendant failed to accommodate her when she applied for a job.[54] It is not clear how Defendant's alleged act of disability discrimination specifically harmed the competition, as opposed to Plaintiff. Further, "[a] Louisiana court has never held that protection from discrimination is another employee interest that the LUTPA also seeks to address—separate statutes encompass these concerns."[55] Thus, Plaintiff fails to state a claim under the LUTPA because she provides no other support for her assertion that the LUTPA applies to a disability discrimination claim, and she does not plausibly allege that Defendant's purpose in failing to accommodate her disability was to harm competition or to violate any other purpose of the LUTPA.

While Plaintiff might normally be given leave to amend to attempt to further plead her LUTPA claim, she will not be given leave here.[56] Even if Plaintiff could plausibly state a claim under the LUTPA, it is prescribed. Plaintiff argues that her claim is timely because the act that initiated the alleged LUPTA harms occurred on January 21, 2020, when Defendant failed to accommodate her disability; however, the continuing-wrong doctrine applies because Defendant never corrected the inaccessible assessment or allowed Plaintiff to complete the application, constituting a continuous deceptive act.[57] Plaintiff argues that the prescriptive period for the LUTPA claim runs from the last act of deception or from when the conduct abated, and that "the

---

[54] R. Doc. 1-2, pp. 2-3.

[55] *Oliver*, 2022 WL 11763644, at *23 (E.D. La. Oct. 20, 2022), citing *Oncale v. CASA of Terrebonne Par., Inc.*, No. 19-14760, 2020 WL 3469838, at *19 (E.D. La. June 25, 2020).

[56] *Armant v. LeBlanc*, No. 19-815, 2020 WL 1933649, at *3 (M.D. La. Apr. 6, 2020), report and recommendation adopted, No. 19-815, 2020 WL 1929840 (M.D. La. Apr. 21, 2020), and report and recommendation adopted, No. 19-815, 2020 WL 13802219 (M.D. La. May 5, 2020) ("When a complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend before dismissing the action with prejudice unless it is clear that the defects in the complaint are incurable. *See, Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also, United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ('Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification ... is considered an abuse of discretion.') (internal citation omitted).").

[57] R. Doc. 10, p. 7.

deception did not abate until Plaintiff discovered the true nature of [Defendant's] practices during the EEOC process."[58]

Again, Plaintiff's argument is unpersuasive. At the very latest, Plaintiff was aware or became aware of Defendant's alleged discriminatory actions against her when she filed her EEOC charge, which, as explained above, did not interrupt prescription on Plaintiff's state law claims.[59] Additionally, the continuing tort doctrine does not apply if 'the complained of actions by the defendant were simply the continued ill effects that arose from a single tortious act.'"[60] Here, the only tortious act alleged was that Defendant did not consider Plaintiff's job application, after failing to accommodate her hearing disability by requiring an inaccessible online assessment in connection with her January 2020 job application. Pertinent authority on an analogous workplace injury, *i.e.*, termination of employment, holds that termination is a discrete act that cannot be the basis for a continuing tort, notwithstanding that the employee may continue to suffer ill effects post-termination.[61] Any claim under the LUTPA premised on the allegedly inaccessible assessment that purportedly led to Defendant's failure to hire Plaintiff was long prescribed by the time Plaintiff filed this suit in September 2025.

As to *contra non valentem* on the LUTPA claim, Plaintiff argues that the doctrine should apply because Defendant's "misrepresentations have prevented Plaintiff from discovering her

---

[58] *Id.*

[59] *Lefort*, 39 F.Supp.3d at 826 (citations omitted); *see also Taylor,* 775 F.2d 617 (filing and processing charges with EEOC under Title VII does not toll the running of state prescriptive period).

[60] *Williams v. Otis Elevator Co.*, 557 Fed.Appx. at 301-302.

[61] *See e.g., O'Gea v. Home Dept USA, Inc.*, No. 08-4744, 2009 WL 586124, at *5 (E.D. La. March 4, 2009) ("It is well established under both federal and Louisiana law (which often mirrors federal employment discrimination law) that a termination of employment is a discrete act, which ends any prior continuing tortious conduct and which cannot be the basis for a continuing tort after the termination.") (string citation omitted) and *see Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 114 (2002) ("Discrete acts such as termination, failure to promote, denial of transfer, or **refusal to hire** are easy to identify.") (emphasis added).

cause of action."[62] As explained above, Plaintiff bears the burden of proof on *contra non valentem* in this case,[63] and this single sentence is insufficient to meet that burden on the LUTPA claim. Therefore, Plaintiff's LUTPA claim will be dismissed with prejudice for failure to state a claim and as prescribed.

### D. Plaintiff's Negligence and Negligent Misrepresentation Claims Will Be Dismissed As Prescribed

Lastly, Defendant moves to dismiss Plaintiff's alternative claims for negligence and negligent misrepresentation, arguing that they are also untimely.[64] Plaintiff contends that the claims are timely because Louisiana's recently enacted two-year statute of limitations for delictual actions applies retroactively to causes of action that had not prescribed at the time of amendment.[65]

"Under Louisiana law, negligence, intentional misrepresentation, and negligent misrepresentation claims are delictual, *i.e.* tort, actions."[66] Article 3492 of the Louisiana Civil Code formerly stated that "Delictual actions are subject to a liberative prescription of one year." Nevertheless, "Article 3492 was repealed and replaced by La. Civ. Code art. 3493.1, which took effect on July 1, 2024. Article 3493.1 extends the prescriptive period for delictual actions to two years. However, because the extended period 'shall be given prospective application only and shall apply to delictual actions arising after the effective date of this Act,' the one-year prescriptive period applies here."[67]

---

[62] R. Doc. 10, p. 7.

[63] *See* fn. 39, *supra*.

[64] R. Doc. 9-2, p. 3.

[65] R. Doc. 10, p. 4.

[66] *Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, No. 04-997, 2005 WL 1309153, at *12 (E.D. La. May 19, 2005), citing *Copeland v. Wasserstein, Perella & Co., Inc.*, 278 F.3d 472, 478, 480 (5th Cir. 2002); La. Civ. Code art. 2315.

[67] *Stanley v. Morgan*, 120 F.4th 467, 470 n.1 (5th Cir. 2024), cert. denied, 145 S. Ct. 1314, 221 L. Ed. 2d 398 (2025).

First, Plaintiff's claims here arose before the effective date of the repeal of the one-year prescriptive period for delictual actions in Louisiana Civil Code art. 3492. A Louisiana tort claim accrues when the plaintiff knows or has reason to know of the injury which forms the basis of her action.[68] As noted above, even affording every benefit of the doubt, Plaintiff was aware of Defendant's purported conduct in causing her injuries, at the latest, when she filed her EEOC charge on July 10, 2020. By its plain terms, Article 3493.1 only applies to tort actions that arose after July 1, 2024. Accordingly, the one-year prescriptive period applies to these claims. Further, because the EEOC investigation did not interrupt prescription as to her state law tort claims, Plaintiff had, at the latest, until July 10, 2021 to file suit on her tort claims.[69] Plaintiff did not file her negligence claims until September 16, 2025, making these claims prescribed.

Plaintiff's arguments, *i.e.,* that the doctrines of *contra non valentem* and/or continuing wrong apply to save these claims from prescription,[70] fail for the reasons previously explained.

## III. CONCLUSION

**IT IS ORDERED** that the Motion for Partial Dismissal,[71] filed by Defendant Click Here Publishing d/b/a Click Here Digital, is **GRANTED.** Plaintiff's state law claims under the Louisiana Employment Discrimination Law and the Louisiana Unfair Trade Practices Act, as well as Plaintiff's alternative state law claims for negligence and negligent misrepresentation, are **DISMISSED WITH PREJUDICE** because these claims are prescribed and/or fail to state a

[68] *Joseph v. La. Dept. of Corr*., No. 15-579, 2017 WL 3438345, at *2 (E.D. La. Aug. 10, 2017) (citations omitted).

[69] *Lefort*, 39 F.Supp.3d at 826 (citations omitted); *see also Taylor,* 775 F.2d 617 (the filing of, and processing charges with, the EEOC under Title VII does not toll the running of state prescriptive period). As noted by Defendant, even if the two-year period applied, Plaintiff's claims would be untimely as she did not file suit for over three years after the latest possible date that her negligence and negligent misrepresentation claims accrued.

[70] R. Doc. 10, p. 5.

[71] R. Doc. 9.

claim. This case will proceed only as to Plaintiff's claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

Signed in Baton Rouge, Louisiana, on September 21, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**